IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

USANEE THUMAJAREE,

        Petitioner,

    v.

U.S. CITIZENSHIP AND IMMIGRATION SERVICES,

        Defendant.

No. 3:13-mc-00436-HZ

OPINION & ORDER

Usanee Thumajaree
4905 SW Spencer Ave. #33
Beaverton, OR 97005

    Pro Se Plaintiff

James E. Cox, Jr.
U.S. Attorney's Office
District of Oregon
1000 SW Third Ave., Suite 600
Portland, OR 97204

    Attorney for Defendant

1 - OPINION & ORDER

HERNÁNDEZ, District Judge:

Petitioner Usanee Thumajaree seeks to amend the date of birth that appears on her naturalization certificate from January 21, 1948 to January 21, 1944. An evidentiary hearing was held on March 26, 2014. I grant the petition [1].

## BACKGROUND

Petitioner is a naturalized United States citizen and a native of Thailand. Certified Admin. R. ("CAR") 13. Petitioner first entered the United States in December 1975 on an F-1 student visa. CAR 60. At the hearing, Petitioner stated that she was told to apply for a Social Security number, and she did so with her Thai passport. In January 1976, Petitioner requested a change in immigrant status to J-2 so that she could join her husband, a Thai citizen who had obtained a J-1 visa. CAR 72-73.

Petitioner divorced her husband in November 1982. CAR 67. She remarried in August 1983, CAR 101, and applied for permanent residence one month later, CAR 38. Petitioner became a lawful permanent resident in April 1984. CAR 34-35. Petitioner divorced again in June 1985. CAR 29. In June 1989, she petitioned for naturalization. CAR 28-31. Petitioner received her naturalization certificate in December 1989. CAR 13.

On November 29, 2009, Petitioner applied for a new naturalization certificate, explaining that her birth date on her naturalization certificate was incorrect. CAR 12. In support, Petitioner provided her Thai birth certificate and the corresponding English translation, CAR 14-15, transcripts from colleges she attended in Thailand, CAR 17-18, a medical insurance card, CAR 20, and a Social Security statement, CAR 21-24. In January 2010, her request was denied because she failed to show that the error in her birth date was due to a clerical error or that the asserted date of birth was not supported by her application for naturalization. CAR 6.

2 - OPINION & ORDER

In December 2013, Petitioner filed this petition to request that the date of birth on her naturalization certificate be changed to January 21, 1944, four years earlier than the current date of January 21, 1948.  Petition 1.  Petitioner explained at the hearing that she is unable to renew her driver's license because the birth date on her license differs from her Social Security record.  The following chart summarizes the discrepancies in Petitioner's date of birth on various documents.

| DOCUMENT | DOCUMENT DATE | BIRTH YEAR |
|---|---|---|
| Copy of Thai birth certificate (CAR 14-15) | April 2008 | 1944 |
| Suan Suanandha Teachers College Transcript (CAR 18) | Unknown | 1944 |
| The College of Education (Thailand) Transcript (CAR 17) | Unknown | 1944 |
| Thai passport (CAR 58) | December 1975 | 1948 |
| Social Security Statement (CAR 21) | November 2007 | 1944 |
| Application to Change to J-2 Status (CAR 72-73) | January 1976 | 1944 |
| Certificate of Marriage to Kipp Fisher (CAR 63) | August 1983 | 1948 |
| Application for Permanent Residence (CAR 36-38) | September 1983 | 1948 |
| United States Information Agency letter regarding waiver of foreign residence requirement (CAR 42) | April 1984 | 1944 |
| Petition for Naturalization (CAR 28-31) | June 1989 | 1948 |

STANDARD

The petitioner bears the burden of showing that the date on her naturalization certificate is incorrect and that the new date asserted is actually the correct date.  Kouanchao v. USCIS, 358 F. Supp. 2d 837, 838 (D. Minn. 2005); Binh Quang Le v. USCIS, No. C11–01871 HRL, 2011 WL 3678909, at 2 (N.D. Cal. Aug. 22, 2011).  The regulations are resistant to changing birth dates for any reason other than clerical error.  Varghai v. INS, 932 F. Supp. 1245, 1246 (D. Or. 1996).

/ / /

/ / /

3 - OPINION & ORDER

DISCUSSION

I.  Jurisdiction

District courts have jurisdiction to amend naturalization orders issued before the Immigration Act of 1990 became effective because those orders were actually issued by the courts. Binh Quang Le, 2011 WL 3678909, at *1 (citing In re Shrewsbury, No. 94-16736, 1996 WL 64988, at *1 (9th Cir. Feb. 12, 1996) ("the order naturalizing this petitioner was a court order, the [district] court had jurisdiction under the prior statute to amend it.")); see also Kennedy v. USCIS, 871 F. Supp. 2d 996, 1007 (N.D. Cal. 2012) (citing Shrewsbury to find district court's jurisdiction to amend pre-1990 naturalization orders).

The Immigration Act of 1990 transferred the power to naturalize from the judiciary to the executive branch for naturalization applications filed after October 1, 1991. See Imm.& Nat. Act of 1990, Pub. L. No. 101-649, § 401(a), 104 Stat. 5046 (Nov. 29, 1990) (codified at 8 U.S.C. § 1421(a)). Here, as in Shrewsbury, petitioner's naturalization certificate was issued by a court in December 1989, before the effective date of the Immigration Act of 1990 and thus, this Court has jurisdiction to amend it.

II.  Statute of Limitations

Respondent argues that the appropriate statute of limitations is six years and that this petition is untimely because in 1976, Petitioner stated her birth year was 1944 on her application to change to J-2 status. According Respondent, the law in effect at the time Petitioner's naturalization certificate was issued empowered district courts to amend judicial certificates of naturalization "within the time prescribed by the rules of procedure or statutes governing the jurisdiction of the Court to take such action." 8 U.S.C. § 1451(i) (1990), repealed Imm. & Nat. Act of 1990, Pub. L. No. 101-649, § 401(a), 104 Stat. 5046 (Nov. 29, 1990). Federal law

provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a).

Respondent has not provided any controlling legal authority in support of its argument. I am not persuaded that a petition to correct a naturalization certificate is a "civil action" against the United States, as intended by § 2401(a). Petitioner does not allege that Respondent USCIS has wronged her. Rather, this petition is the means for Petitioner to correct information on an official document. I find that Petitioner is not barred by § 2401(a) from bringing her petition to amend the birth date on her naturalization certificate.

III.    Analysis

The petition should be granted if (1) there is clear and convincing evidence that the birth date on the naturalization certificate is wrong; (2) there is little or no evidence that the Petitioner acted fraudulently or in bad faith either when she initially provided the incorrect birth date to immigration authorities or when she later sought to amend the naturalization certificate; and (3) there is reliable evidence supporting the birth date that Petitioner now alleges is correct. Kifle v. USCIS Dist. Dir., Portland, Or., No. 12-mc-28-HZ, Sept. 12, 2012 Op. & Order [27] 8 (adopting analysis from Hussain v. USCIS, 541 F. Supp. 2d 1082, 1087 (D. Minn. 2008)) (citations omitted).

Based on Petitioner's testimony under oath and the documents in the record, particularly Petitioner's Thai birth certificate and Thai college transcripts, there is clear and convincing evidence that her birth year on the naturalization certificate is incorrect.[1]  Likewise, her testimony and these documents are reliable evidence that 1944 is Petitioner's correct birth year. The remaining element at issue is whether Petitioner acted fraudulently or in bad faith.

---

[1] With the exception of her Thai passport issued in 1975, all of Petitioner's Thai documents show 1944 as her birth year. Petitioner does not know why her 1975 passport has the incorrect birth year of 1948.

5 - OPINION & ORDER

Petitioner testified that the discrepancies in her birth year were inadvertent. Due to the language barrier, Petitioner had assistance in filling out the various documents. She did not notice the incorrect birth year of 1948 because in Thailand, the calendar year is counted differently. In Thailand, Petitioner's birth year is 2487, which is equivalent to 1944. Petitioner states that she easily remembers her birth year by the Thai calendar, but not the Western equivalent. Petitioner's explanation of the discrepancies is plausible. Additionally, there is no apparent motive or gain that Petitioner obtained by using the incorrect birth year. I find that Petitioner did not act fraudulently or in bad faith by providing an incorrect birth date.

## CONCLUSION

Based on the foregoing, the petition [1] to correct the birth date on the naturalization is granted.

IT IS SO ORDERED.

Dated this 30 day of March, 2014.

MARCO A. HERNÁNDEZ
United States District Judge